**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| JOANNA LUGO,<br> *Plaintiff*<br><br>v.<br><br>MEDFORD HOUSING AUTHORITY, JOHN CODDINGTON, in his official capacity as Executive Director of Medford Housing Authority,<br> *Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:16-CV-12183-GAO |

**DEFENDANTS MEDFORD HOUSING AUTHORITY'S**
**AND JOHN CODDINGTON'S ANSWER TO VERIFIED COMPLAINT AND**
**REQUEST FOR PRELIMINARY INJUNCTION**

**FIRST DEFENSE**

1. Defendants Medford Housing Authority and John Coddington ("Defendants") admit the allegations in paragraph 1 of the Plaintiff's First Verified Complaint and Request for Preliminary Injunction ("Complaint").

2. Defendants admit the allegations in the second paragraph of the Complaint.

3. Defendants admit the allegations in the third paragraph of the Complaint, except that they note that Defendant John Coddington's last name is erroneously spelled as "Coddinton".

4. Paragraph 4 states a legal conclusion to which no answer is required.

5. Defendants admit the allegations in paragraph 5 of the Complaint.

6. Defendants admit that they have been made generally aware that Ms. Lugo suffers from a disability however Defendants are without knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint.

7. Defendants admit that they have been made generally aware that Ms. Lugo suffers from a disability however Defendants are without knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint.

8. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Defendants admit the allegations in paragraph 9 of the Complaint.

10. Defendants admit the allegations in paragraph 10 of the Complaint.

11. Paragraph 11 references two documents which speak for themselves. Defendants deny the allegations in paragraph 11 to the extent that they are inconsistent with said documents.

12. Defendants admit the allegations in paragraph 12 of the Complaint.

13. Defendants admit the allegations in paragraph 13 of the Complaint.

14. Defendants admit the allegations in paragraph 14 of the Complaint.

15. Defendants admit the allegations in paragraph 15 of the Complaint.

16. Paragraph 16 references two documents which speak for themselves. Defendants deny the allegations in paragraph 16 to the extent that they are inconsistent with said documents.

17. Defendants admit that after receiving Ms. Lugo's request for a reasonable accommodation on or about June 1, 2016, they received notice from Ms. Lugo's attorney that she was working with a housing search advocate to find housing.

18. Defendants admit that on or about June 13, 2016, MHA granted Ms. Lugo an extension of for 60 days. Answering further Defendants state that Ms. Lugo's voucher was extended for this period of time by agreement of the parties that this timeframe was sufficient to permit Ms. Lugo a reasonable opportunity to find sufficient housing.

19. Paragraph 19 references a document which speaks for itself. Defendants deny the allegations in paragraph 19 to the extent that the allegations are inconsistent with said document.

20. Paragraph 20 references a document which speaks for itself. Defendants deny the allegations in paragraph 20 to the extent that the allegations are inconsistent with said document. Answering further Defendants state that when Ms. Lugo submitted a second reasonable accommodation request on August 2, 2016, she did not provide a reasoned basis as to why she was unable to find housing within the agreed to timeframe.

21. Paragraph 21 references a document which speaks for itself. Defendants deny the allegations in paragraph 21 to the extent that the allegations are inconsistent with said document.

22. Defendants have insufficient information to form a belief as to the truth of the allegations in paragraph 22.

23. Defendants admit the Plaintiff's description of the Housing Choice Voucher Program (commonly referred to as "Section 8") set forth in Paragraph 23 is generally accurate.

24. Paragraph 24 states a legal conclusion to which no answer is required.

25. Paragraph 25 references a document which speaks for itself. Defendants deny the allegations in paragraph 25 to the extent that they are inconsistent this document. Answering further, Defendants state that they granted Ms. Lugo multiple extensions to her voucher.

26. Defendants incorporate by reference their answers to all prior paragraphs as if set forth fully herein.

27. Paragraph 27 states a legal conclusion to which no answer is required.

28. Paragraph 28 states a legal conclusion to which no answer is required.

29. Defendants admit that they were made generally aware that Ms. Lugo suffers from a disability.

30. The first sentence of paragraph 30 states a legal conclusion to which no answer is required. Defendants are without knowledge sufficient to form a belief as to the truth of the second sentence of paragraph 30 except that Defendants state that when they granted Ms. Lugo's request for a reasonable accommodation on or about June 13, 2016, it extended the term of her voucher for 60 days by agreement of the parties that this length of time was sufficient for Ms. Lugo to find housing.

31. Defendants admit that MHA denied Ms. Lugo's second request for a reasonable accommodation, which was submitted on August 2, 2016. Answering further Defendants state that when Ms. Lugo submitted a second reasonable accommodation request on August 2, 2016, she did not provide a reasoned basis as to why she was unable to find housing within the agreed to timeframe.

32. Paragraph 32 references a document which speaks for itself. Defendants deny the allegations in paragraph 32 to the extent that they are inconsistent with said document.

33. Defendants deny the allegations in paragraph 33.

34. Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 34.

35. Paragraph 35 states a legal conclusion to which no answer is required.

## SECOND DEFENSE

36. The Plaintiff's Complaint fails to state claims against these Defendants upon which relief may be granted.

### THIRD DEFENSE

37.     The claims asserted by the Plaintiff are barred by the Massachusetts Tort Claims Act, *Mass. Gen. Laws*, ch. 258.

### FOURTH DEFENSE

38.     All of the Defendants' actions and conduct were undertaken within the scope of their statutory and regulatory discretion.

### FIFTH DEFENSE

39.     The decision of the Defendants regarding the Plaintiff's housing assistance was based on substantial evidence in the record.

### SIXTH DEFENSE

40.     The decision of the Defendants regarding the Plaintiff's housing assistance was based on a reasonable interpretation of the relevant statutes and regulations.

### SEVENTH DEFENSE

41.     The Defendants are immune from liability for the claims asserted against them in this action.

WHEREFORE, the Defendants demand judgment:

A.     Dismissing the Plaintiff's Complaint with prejudice;

B.     Denying the Plaintiff's Request for Injunctive Relief and Declaratory Relief;

C.     Declaring that the Defendants' actions and conduct were lawful and that no rights of the Plaintiff were violated;

D.     Awarding these Defendants their costs incurred in defending this action, including a reasonable attorneys' fee; and

E.     For such other and further relief as the Court deems meet and just.

Respectfully submitted,

MEDFORD HOUSING AUTHORITY and JOHN CODDINGTON,

By their Attorneys,

/s/ John Egan
John Egan, Esquire BBO # 151670
Amy M. McCallen , Esquire BBO #643567
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110
Tel:  (617) 330-70000
Fax:  (617) 330-7550
jegan@rubinrudman.com
amccallen@rubinrudman.com

Date:  November 16, 2016

## CERTIFICATE OF SERVICE

I, John Egan, hereby certify that on the 16th day of November, 2016, I caused a copy of Defendants Medford Housing Authority's and John Coddington's Answer to Verified Complaint and Request for Preliminary Injunction filed through the ECF system to be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ John Egan
Amy M. McCallen