*Commonwealth of Massachusetts*
# MIDDLESEX SUPERIOR COURT DEPARTMENT
## THE TRIAL COURT
## WOBURN

## 1681CV02996

I,  C. Andrew Johnson, Deputy Assistant Clerk of the Superior Court, Within and for said

County of Middlesex, do certify that the annexed papers are true copies made by photographic

process of pleadings in **1681CV02996** entered in the Superior Court on the **18th** day of

**October**  in the year of our Lord **2016**.

In testimony whereof, I hereunto set my hand and affix seal of said Middlesex Superior Court at

Woburn in said County, this **16th** day of **November**, in the year of our Lord Two

Thousand Sixteen.



C. Andrew Johnson
Deputy Assistant Clerk



COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX COUNTY
Docket Report

**1681CV02996**
**Lugo, Joanna   vs.  Medford Housing Authority et al**

| | |
|---|---|
| **CASE TYPE:** Equitable Remedies | **FILE DATE:** 10/18/2016 |
| **ACTION CODE:** D02 | **CASE TRACK:** F - Fast Track |
| **DESCRIPTION:** Reach and Apply | |
| **CASE DISPOSITION DATE** 11/16/2016 | **CASE STATUS:** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE:** 11/16/2016 |
| **CASE JUDGE:** | **CASE SESSION:** Civil A Rm 710 |

### LINKED CASE

### PARTIES

**Plaintiff**
Lugo, Joanna
30 Freemont Street
Apartment #37
Mattapan, MA 02126

**Private Counsel**                                                678980
Andrew Charles Musgrave
AIDS Action Committee
AIDS Action Committee
75 Amory Street
Boston, MA 02119
Work Phone (617) 450-1245
Added Date: 10/18/2016

**Defendant**
John Coddinton In his/her capacity As Executive
Director of Medford Housing Authority
121 Riverside Avenue
Medford, MA 02155

**Defendant**
Medford Housing Authority
121 Riverside Avenue
Medford, MA 02155

COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX COUNTY
Docket Report

| FINANCIAL DETAILS | | | | | |
|---|---|---|---|---|---|
| Date | Fees/Fines/Costs | Assessed | Paid | Dismissed | Balance |
| 10/18/2016 | Civil Filing Fee (per Plaintiff)<br><br>Dismissed Type: Fee/Fine remitted due to finding of indigency.<br>Dismissed Date: 10/24/2016<br>Dismissed Amount: 240.00<br>Dismissing Clerk / Judge: Connolly, Hon. Rosemary<br>Comments: Entry # 3.<br>Dismissed By: HOBOOK81 | 240.00 | 0.00 | 240.00 | 0.00 |
| 10/18/2016 | Civil Security Fee (G.L. c. 262, § 4A)<br><br>Dismissed Type: Fee/Fine remitted due to finding of indigency.<br>Dismissed Date: 10/24/2016<br>Dismissed Amount: 20.00<br>Dismissing Clerk / Judge: Connolly, Hon. Rosemary<br>Comments: # 3.allowed.<br>Dismissed By: HOBOOK81 | 20.00 | 0.00 | 20.00 | 0.00 |
| 10/18/2016 | Civil Surcharge (G.L. c. 262, § 4C)<br><br>Dismissed Type: Fee/Fine remitted due to finding of indigency.<br>Dismissed Date: 10/24/2016<br>Dismissed Amount: 15.00<br>Dismissing Clerk / Judge: Connolly, Hon. Rosemary<br>Dismissed By: HOBOOK81 | 15.00 | 0.00 | 15.00 | 0.00 |
| 10/18/2016 | Summons and order of notice issued on a Motion for a Preliminary Injunction, returnable on 11/01/2016 02:00 PM Hearing on Preliminary Injunction<br><br>Applies To: Medford Housing Authority (Defendant); John Coddinton In his/her capacity As Executive Director of Medford Housing Authority (Defendant)<br><br>Dismissed Type: Fee/Fine remitted due to finding of indigency.<br>Dismissed Date: 10/24/2016<br>Dismissed Amount: 5.00<br>Dismissing Clerk / Judge: Connolly, Hon. Rosemary<br>Dismissed By: HOBOOK81<br>*Ordered by: Honorable Rosemary Connolly* | 5.00 | 0.00 | 5.00 | 0.00 |

COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX COUNTY
Docket Report

| | Total | 280.00 | 0.00 | 280.00 | 0.00 |
|---|---|---|---|---|---|

| Deposit Account(s) Summary | | Received | Applied | Checks Paid | Balance |
|---|---|---|---|---|---|
| | Total | | | | |

| INFORMATIONAL DOCKET ENTRIES | | | | |
|---|---|---|---|---|

| Date | Ref | Description | | Judge |
|---|---|---|---|---|
| 10/18/2016 | | Attorney appearance<br>On this date Andrew Charles Musgrave, Esq. added as Private Counsel for Plaintiff Joanna Lugo | | |
| 10/18/2016 | | Case assigned to:<br>DCM Track F - Fast Track was added on 10/18/2016 | | |
| 10/18/2016 | 1 | Original civil complaint filed. | | |
| 10/18/2016 | 2 | Civil action cover sheet filed. | | |
| 10/18/2016 | 3 | Affidavit of Indigency and request for waiver substitution of state payment of fees and costs filed without Supplemental affidavit<br>ALLOWED as to filing fees and service fees. (Connolly, J.).<br>(IMPOUNDED) | | |
| 10/18/2016 | 4 | Plaintiff(s) Joanna Lugo's  Motion for a Preliminary Injunction | | |
| 10/18/2016 | 5 | Joanna Lugo's  Memorandum in support of<br>Motion for Preliminary Injunction | | |
| 10/31/2016 | | Event Result:<br>The following event: Hearing on Preliminary Injunction scheduled for 11/01/2016 02:00 PM has been resulted as follows:<br>Result: Not Held<br>Reason: Request of Defendant | | Connolly |
| 11/16/2016 | | REMOVED to the U.S. District Court<br>by Defendant Medford Housing Authority and John Coddington | | |
| 11/16/2016 | | Case transferred to another court. | | |

MIDDLESEX, SS.  **Commonwealth of Massachusetts**

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file
and of record made by photographic process, I hereunto
set by hand and affix the seal of said Superior Court
this 11/16/16

Deputy Assistant Clerk

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOANNA LUGO,<br>    *Plaintiff*<br><br>v.<br><br>MEDFORD HOUSING AUTHORITY, JOHN<br>CODDINGTON, in his official capacity as<br>Executive Director of Medford Housing<br>Authority,<br>    *Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NO. *1681 CV 2996*

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising out of the Constitution, laws, or treaties of the United States." The Defendants, Medford Housing Authority and John Coddington [collectively, "the Defendants"], pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby file their Notice of Removal of the above-described action to the United States District Court for the District of Massachusetts, and in support thereof, state the following:

**(1)   BACKGROUND.**

On or about October 18, 2016, the Plaintiff filed a Verified Complaint and Request for Preliminary Injunction in the Middlesex County Superior Court Department against the Defendants, in the action of *Joanna Lugo v. Medford Housing Authority, John Coddington, in his official capacity as Executive Director of Medford Housing Authority*, Civil Action No. 1681CV02996.

The Complaint was served on the Defendants no earlier than October 19, 2016.

1819407

**(2) BASIS FOR REMOVAL.**

The Plaintiff's Complaint contains four causes of action against the Defendants, two of which explicitly arise under federal law and all of which involve the Defendants' administration of a federal housing program.  Specifically, the Plaintiff claims that the Defendants unlawfully denied Ms. Lugo's third request for a reasonable accommodation (namely her request for an additional voucher extension of 60 days to search for housing) in violation of federal regulations pertaining to that program, in violation of 42 U.S.C. §§ 3601 - 3619 (the Fair Housing Act) and in violation of 29 U.S.C. § 701 (the Rehabilitation Act).  Plaintiff also filed an analogous claim for disability discrimination under M.G.L. c. 151B and a request for declaratory and injunctive relief under G.L. c. 93 § 103 and M.G.L. c. 231A, §§ 1 et. seq.

Thus, the essence of the Plaintiff's claims against the Defendants arise under federal law specifically the requirement that recipients of federal financial assistance provide reasonable accommodation to applicants and residents with disabilities.  Subject matter jurisdiction of the case is therefore appropriate in Federal Court under the "Federal Question" doctrine.  28 U.S.C. § 1331.

**(3) PROCEDURAL REQUIREMENTS.**

The Defendants are within the thirty day time period for filing a Notice of Removal under 28 U.S.C. § 1446(b).  A copy of the Plaintiff's Verified Complaint and Request for Preliminary Injunction is attached hereto as "A".  A copy of the Plaintiff's Motion for Preliminary Injunction is attached hereto as "B".  A copy of the Plaintiff's Memorandum of Law in Support of Motion for Preliminary Injunction is attached as "C".  The Superior Court issued a summons and short order of notice on October 18, 2016, scheduling the hearing on the motion for preliminary injunction for November 1, 2016, at 2 p.m.  A copy of this summons and short order of notice is

attached as "D".  Exhibits "A" – "D" are the only process, pleadings, and orders served upon the

Defendants in this action.  The Defendants are giving written notice of the filing of this Notice of

Removal to the Plaintiff and her counsel, as required by 28 U.S.C. § 1446 (d).  A copy of this

Notice of Removal is being filed with the Middlesex County Superior Court, as required by 28

U.S.C. § 1446 (d).

Respectfully submitted,

MEDFORD HOUSING AUTHORITY and
JOHN CODDINGTON,

By their Attorneys,

/s/ John Egan
John Egan, Esquire BBO # 151670
Amy M. McCallen , Esquire BBO #643567
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110
Tel:  (617) 330-70000
Fax:  (617) 330-7550
jegan@rubinrudman.com
amccallen@rubinrudman.com

Date:  October 28, 2016

## CERTIFICATE OF SERVICE

I, John Egan, hereby certify that on the 28th day of October, 2016, I caused a copy of
Notice of Removal to be served *via e-mail and first-class mail, postage prepaid* to:

Andrew C. Musgrave, Esquire
AIDS Action Committee of Massachusetts
75 Amory Street
Boston, MA 02119
amusgrave@aac.org

/s/ John Egan
John Egan

1819407

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT

MIDDLESEX, SS.                                        CIVIL ACTION NO.: 1681CV02996

JOANNA LUGO,                            )
    *Plaintiff*                         )
                                        )
v.                                      )
                                        )
MEDFORD HOUSING AUTHORITY,              )
JOHN CODDINTON, in his official capacity )
as Executive Director of Medford Housing )
Authority,                              )
    *Defendants*                        )

## NOTICE OF FILING OF NOTICE OF REMOVAL BY
## DEFENDANTS, MEDFORD HOUSING AUTHORITY AND JOHN CODDINGTON

TO:    Middlesex Superior Court        Andrew C. Musgrave, Esquire
        200 Trade Center               AIDS Action Committee of Massachusetts
        Woburn, MA 01801           75 Armory Street
                                     Boston, MA 02119

        Please take notice that the Defendants, Medford Housing Authority and John Coddington

have filed a Notice of Removal of this action in the office of the Clerk for the United States

District Court for the Eastern Division of the District of Massachusetts.  In accordance with 28

U.S.C. § 1446 (d), the Defendants are enclosing for filing a copy of their Notice of Removal and

additional documents filed with the United States District Court.

                                     Defendants,

                                     MEFORD HOUSING AUTHORITY and
                                     JOHN CODDINGTON

                                     By their Attorneys,

                                     John Egan, Esquire BBO # 151670
                                     Amy M. McCallen BBO # 643567
                                     Rubin and Rudman LLP
                                     50 Rowes Wharf
                                     Boston, MA 02110
                                     Tel:  (617) 330-7000
                                     jegan@rubinrudman.com
                                     amccallen@rubinrudman.com

Date:  October **31**, 2016

1819484_1

## CERTIFICATE OF SERVICE

I, John Egan, hereby certify that on the **31** day of October, 2016, I caused a copy of Notice of Removal to be served *via e-mail and first-class mail, postage prepaid* to:

Andrew C. Musgrave, Esquire
AIDS Action Committee of Massachusetts
75 Amory Street
Boston, MA 02119
amusgrave@aac.org

_____
John Egan

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOANNA LUGO, | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. _____ |
| MEDFORD HOUSING AUTHORITY, JOHN | ) | |
| CODDINGTON, in his official capacity as | ) | |
| Executive Director of Medford Housing | ) | |
| Authority, | ) | |
| *Defendants* | ) | |
| | ) | |

### CORPORATE DISCLOSURE STATEMENT

The Defendant, Medford Housing Authority, has no parent corporation and there are no publicly held corporations that own 10% or more of its stock.

Respectfully submitted,

MEDFORD HOUSING AUTHORITY and
JOHN CODDINGTON,

By their Attorneys,

/s/ John Egan

John Egan, Esquire BBO # 151670
Amy M. McCallen , Esquire BBO #643567
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110
Tel:  (617) 330-70000
Fax:  (617) 330-7550
jegan@rubinrudman.com
amccallen@rubinrudman.com

Date:  October 28, 2016

-1-

1819455_1

## CERTIFICATE OF SERVICE

I, John Egan, hereby certify that on the 28th day of October, 2016, I caused a copy of Notice of Removal to be served *via e-mail and first-class mail, postage prepaid* to:

Andrew C. Musgrave, Esquire
AIDS Action Committee of Massachusetts
75 Amory Street
Boston, MA 02119
amusgrave@aac.org


/s/ John Egan
John Egan

1819455_1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOANNA LUGO,<br>*Plaintiff*<br><br>v.<br><br>MEDFORD HOUSING AUTHORITY, JOHN<br>CODDINGTON, in his official capacity as<br>Executive Director of Medford Housing<br>Authority,<br>*Defendants* | )<br>)<br>)<br>)<br>)<br>)   **CASE NO. 16-cv-12183**<br>)<br>)<br>)<br>)<br>)<br>) |

### <u>NOTICE OF APPEARANCE OF AMY McCALLEN</u>

To the Clerk of this Court and all parties of record:

  Please enter my appearance as counsel in this case for the Defendants, Medford Housing

Authority and John Coddington.  I certify that I am admitted to practice in this Court.

        Defendant,

        MEDFORD HOUSING AUTHORITY and
        JOHN CODDINGTON,

        By their Attorney,

        /s/ Amy M. McCallen
        Amy M. McCallen BBO # 643567
        Rubin and Rudman LLP
        50 Rowes Wharf
        Boston, MA 02110
        Tel:  (617) 330-7000
        amccallen@rubinrudman.com

Date:  October 28, 2016

## CERTIFICATE OF SERVICE

I, Amy M. McCallen, hereby certify that on the 28th day of October, 2016, I caused a copy of Notice of Appearance to be served *via e-mail and first-class mail, postage prepaid* to:

Andrew C. Musgrave, Esquire
AIDS Action Committee of Massachusetts
75 Amory Street
Boston, MA 02119
amusgrave@aac.org

/s/ Amy M. McCallen
Amy M. McCallen

-2-

1635629_1

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 16-2716 A | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**PLAINTIFF(S):** Joanna Lugo

ADDRESS: 30 Freemont St Apt 37

Mattapan, MA 02126

**COUNTY**
Middlesex ▼

**DEFENDANT(S):** Medford Housing Authority

John Coddnton in his official capacity as Executive Director of the

**ATTORNEY:** Andrew Musgrave

ADDRESS: 75 Amory St

Boston, MA 02119

ADDRESS: 121 Riverside Ave

Medford, MA 02155

BBO: 678980

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| D02 | Disability Discrimination Housing | (F) | ☐ YES   ☒ NO |

**\*If "Other" please describe:**

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses ........................................................ $ _____
    2. Total doctor expenses .......................................................... $ _____
    3. Total chiropractic expenses ................................................. $ _____
    4. Total physical therapy expenses ......................................... $ _____
    5. Total other expenses (describe below) ........................ Subtotal (A): $ _____

B. Documented lost wages and compensation to date ............................ $ _____
C. Documented property damages to dated .......................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ........... $ _____
E. Reasonably anticipated lost wages ................................................. $ _____
F. Other documented items of damages (describe below) ....................... $ _____

*FILED IN THE OFFICE OF THE CLERK OF COURT FOR THE... OCT 18 2016 ... CLERK*

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Plaintiff has been denied the ability to use Medford Housing Authorities Section 8 program in the same manner as a non-disabled person. This has placed her in fear of homelessnes which has caused emotional and physical harm.

**TOTAL (A-F):$**

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

**TOTAL: $**

Signature of Attorney/Pro Se Plaintiff: X _____   Date: 10/18/16

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____   Date: 10/18/16

# COMMONWEALTH OF MASSACHUSETTS
## TRIAL COURT DEPARTMENT

**MIDDLESEX, SS**                                        **SUPERIOR COURT**
                                                        **C.A. NO. _____**

                                                        16-2996

**JOANNA LUGO,**                          )
    **Plaintiff**                     )
                                          )      **FILED**
                                          )   IN THE OFFICE OF THE
**v.**                                    )   CLERK OF COURTS
                                          )  FOR THE ... MIDDLESEX
**MEDFORD HOUSING AUTHORITY,**            )      OCT 18 2016
**JOHN CODDINTON, in his official capacity as**  )
**Executive Director of Medford Housing** )
**Authority,**                            )          CLERK
    **Defendants**                    )

## VERIFIED COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTION

## Parties

1.      The plaintiff Joanna Lugo(hereinafter, Ms. Lugo) resides at 30 Freemont Street, Apartment #37, Mattapan, MA 02126, and has been a participant in the Section 8 Housing Choice Voucher Program (HCVP) administered by the Medford Housing Authority (MHA) since 2011.

2.      The defendant Medford Housing Authority (hereinafter, BHA) is a public body corporate and politic, established pursuant to M.G.L. c. 121 B, §§ 3, 5, as modified by St. 1989, c. 88. Its offices are located at 121 Riverside Avenue Medford, MA 02155.

3.      The defendant John Coddinton (hereinafter, Mr. Coddinton) is the Executive Director of the MHA, and is being sued in his official capacity. His offices are located at 121 Riverside Avenue Medford, MA 02155.

**Jurisdiction**

4.     The Superior Court has jurisdiction under G.L. c. 212 § 3, G.L. c. 93 § 103, and 42 U.S. Code § 3613. The Superior Court also has jurisdiction to grant declaratory relief under G.L. c. 231A.

**Facts**

5.     Ms. Lugo has participated in the MHA's Section 8 HCVP program (or predecessor Section 8 programs) since 2011.

6.     Ms. Lugo has been found to be disabled by the Social Security Administration and her sole source of income is Supplemental Security Income. Ms. Lugo presently receives less than $800.00 per month for the Social Security Administration.

7.     Ms. Lugo suffers from bi-polar disorder, anxiety, obsessive compulsive disorder, post-traumatic stress disorder, and HIV.

8.     Ms. Lugo's medical conditions make it difficult for her to accomplish day to day tasks, including sometimes even leaving the house. She suffers from frequent panic attacks, manic episodes, and crying fits. As a result of her disability Ms. Lugo has difficult keeping appointments, completing paperwork, and controlling her emotions. Ms. Lugo's disability makes it difficult for her to search for an apartment. She has trouble keeping appointments to view apartments, struggles to finish applications, and sometimes cannot even leave her own home.

9.     On or about February 12, 2015 MHA issued Ms. Lugo a voucher from the Mobile Housing Choice Voucher program with an expiration date of April 12, 2015.

10.    After being unable to locate housing Ms. Lugo requested and was granted a 60 (sixty) day extension to her voucher until July 11, 2015.

11.     On July 8, 2015 Ms. Lugo's attorney Sophia Hall submitted a request for reasonable accommodation on Ms. Lugo's behalf, requesting a 90 (ninety) day extension to her voucher search for housing. Attached hereto as **Exhibit 1**. Ms. Lugo's request was supported by her medical provider at Hallmark Health, Rebecca Warburton, PsyD who provided details of Ms. Lugo's disability to MHA.

12.     MHA granted Ms. Lugo's request for a reasonable accommodation resulting in Ms. Lugo being granted a total of 240 (two hundred and forty) days to look for housing. Attached hereto as **Exhibit 2**.

13.     Ms. Lugo was able to locate and secure housing at 30 Freemont Street, Apartment #37, Mattapan, MA 02126 prior to the expiration of her voucher.

14.     Due to condition issues within her apartment Ms. Lugo sought and received permission from MHA to relocate to a new apartment.

15.     On or about February 6, 2016 MHA issued Ms. Lugo a voucher from the Mobile Housing Choice Voucher program with an expiration date of June 3, 2016.

16.     On June 1, 2016, Ms. Lugo submitted a reasonable accommodation request through her attorney requesting a voucher extension of 90 days to search for housing. Attached hereto as **Exhibit 3**. Ms. Lugo's request was supported by her medical provider Dr. Jacob Howe. Attached hereto as **Exhibit 4**.

17.     In subsequent phone conversions with MHA staff Ms. Lugo's attorney informed MHA that Ms. Lugo was working with a housing search advocate and engaged in a diligent search for housing, but struggling to find suitable housing.

18.     On June 13, 2016, MHA partially granted Ms. Lugo's request and granted her an extension of 60 days to her voucher until August 2, 2016. Attached hereto as **Exhibit 4**.

19.     On August 2, 2016, Ms. Lugo submitted a second reasonable accommodation request through her attorney requesting a voucher extension of 60 days to search for housing. Attached hereto as **Exhibit 5**.

20.     MHA denied Ms. Lugo's request for a reasonable accommodation in a letter dated August 15, 2016 stating that Ms. Lugo had been granted a total of 180 days to look for housing and would not be granted an additional extension. Attached hereto as **Exhibit 5**.

21.     MHA's denial letter did not state that Ms. Lugo's request would place an undue burden on MHA, nor that it would change the fundamental nature of the program.

22.     On August 24, 2016, Ms. Lugo present landlord began eviction proceedings against her by filing a Summary Process Summons and Complaint against her in Boston Housing Court, Docket Number 16H84SP003490.

## Legal Background

A. *Section 8 Tenant Based Voucher Program-Statute and Regulations*

23.     Under the Section 8 HCVP, as established by 42 U.S.C. § 1437f(0) and 24 C.F.R. Part 982, public housing agencies (hereinafter, PHAs) like the MHA are funded by the United States Department of Housing and Urban Development (HUD) to provide housing assistance for eligible low-income families.

24.     Federal regulations provide that the initial term of a Section 8 voucher must be 60 days. 24 C.F.R. 982.303 (a). In addition, if the voucher holder requests an extension of the initial voucher term as a reasonable accommodation, to make the program accessible to a family member who is a person with disabilities, the Public Housing Authority (PHA) must extend the voucher term up to the term reasonably required for that purpose. 24 C.F.R. 982.303 (b) (2).

25.    There is no limit to the number of extensions or length of time that a PHA can grant a voucher holder to look for housing.  U.S. Department of Housing and Urban Development, *Housing Choice Voucher Program Guidebook*, 8-12 (2001). Furthermore, HUD recommends that in geographic areas with a tight housing market PHA's "may wish to automatically extend the voucher period whenever an extension is requested due to the likelihood that it will take voucher holders longer to locate decent housing renting for amounts that can be approved by the program." Id., 8-12.

### Legal Claims

### Disability Discrimination
M.G.L. c. 151B & G.L. c. 93 § 103
Fair Housing Act
42 U.S.C. §§ 3601 – 3619
Rehabilitation Act of 1973
29 U.S.C. § 794

26.    The above paragraphs are realleged as though set out fully herein.

27.    As a recipient of federal financial assistance MHA is subject to the requirements of Section 504 of the Rehabilitation Act of l973. 29 U.S.C. § 794. Section 504, and its implementing regulations at 24 C.F.R. Part 8, prohibit discrimination based on disability and require recipients of federal financial assistance to provide reasonable accommodations to applicants and residents with disabilities.

28.    Ms. Lugo meets the definition of a handicapped person under G. L. c. 151B, G.L. c. 93 § 103, the Fair Housing Act, and the Rehabilitation Act.

29.    MHA was aware of Ms. Lugo's disability.

30.     Ms. Lugo's request for an extension to her housing voucher was reasonably related to her disability and was necessary to afford her the equal opportunity to access the program. Ms. Lugo's disability made it more difficult for her to search for and locate an apartment that met MHA's payment standards in a timely manner. The difficulty of Ms. Lugo's search was exacerbated by the tight rental market in Greater Boston. See Tim Logan, *Boston's Rental Market May Have Peaked*, Boston Globe, July 7, 2016 at C1.

31.     MHA denied Ms. Lugo's accommodation.

32.     MHA did not state that Ms. Lugo's request would create and undue burden or alter the fundamental nature of the program. MHA did not request further documentation from Ms. Lugo to address any concerns.

33.     MHA's action constitute a violation of G. L. c. 151B, G. L. c. 93 § 103, the Fair Housing Act, and the Rehabilitation Act, by failing to grant a reasonable accommodation to disabled person that was necessary to allow her the opportunity to use the program.

34.     As a result of MHA's Ms. Lugo faces imminent homelessness and lacks the financial resources to afford a market rate apartment.   As a result of MHA's actions Ms. Lugo has suffered emotional and physical harm.

35.     Declaratory and injunctive relief is available under G. L. c. 93 § 103 and M.G.L. c. 231A, §§ 1 et seq.

PRAYERS FOR RELIEF

WHEREFORE, Ms. Lugo requests that the Court grant her the following relief:

1.     Preliminarily enjoin MHA from failing to reinstate and provide Section 8 benefits to Ms. Lugo pending the final disposition of this actions:

2.     Grant appropriate declaratory relief under federal and state law;

3.     Grant judgment for Ms. Lugo and damages and appropriate ancillary relief,

including but not limited to reasonable costs and attorney fees under G.L. c. 93 § 103.

4.     Grant such other relief as the Court may find necessary, proper, and in the interest

of justice.

> Respectfully submitted,
> Joanna Lugo,
> Plaintiff,
> by his Attorney,
> Respectfully submitted,
>
> Andrew Musgrave
> BBO# 678980
> 75 Amory Street
> Boston, MA 02119
> phone: 617-450-1245
> fax:    617-450-1311

Date: October 18, 2016

## Verification

In signing this complaint, I verify under the pains and penalties of perjury that the facts

stated above are true and accurate to the best of my information, knowledge and belief.

Date: October 18, 2016

Joanna Lugo

MIDDLESEX, SS.   *Commonwealth of Massachusetts*
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file
and of record made by photographic process, I hereunto
set by hand and affix the seal of said Superior Court
this 11/16/16

Deputy Assistant Clerk

# Exhibit 1



**THE
ATTICUS
PROJECT**

July 8, 2015

**DELIVERED BY FEDEX: 8041 4511 5722**
Kathy Fortier
Medford Housing Authority
121 Riverside Ave, #1
Medford, MA 02155

RE:   Ms. LUGO'S REASONABLE ACCOMMODATION REQUEST

Dear Ms. Fortier:

Please be advised that I represent Ms. Joanna Lugo. On her behalf, I submit this reasonable accommodation request under the Fair Housing Act. I formally request that, as a reasonable accommodation of Ms. Lugo's disability, Medford Housing Authority allow Ms. Lugo an additional 90 days to find and secure suitable housing with her mobile voucher.

Under the Fair Housing Act, it is unlawful to discriminate against a person with a disability by refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling. Therefore, you are required to grant this request unless doing so would place an undue burden on your business.

Ms. Lugo qualifies as a disabled person under the Fair Housing Act and the American with Disabilities Act as certified by the attached letter from Dr. Rebecca Warburton. See Attachment A. Due to her disability, Ms. Lugo has trouble completing day-to-day tasks including searching for, applying for, and securing housing. Specifically, she has difficulty handling stressful situations. She has an especially challenging time when such situations involve her safety and access to basic needs such as food and housing. On June 24, 2015 someone broke into Ms. Lugo's home, which has increased her anxiety and made it more difficult for her to search for stable housing. In addition, Ms. Lugo has been working diligently with a tenant based rental specialist since March 5, 2015. See Attachment B, letter from Isaac Kimbugwe. Mr. Kimbugwe has assisted Ms. Lugo in applying to a myriad of apartments. See id. Thus, Ms. Lugo's disability directly impacts her ability to search for stable housing and an extension should be granted.

This extension request is necessary to afford Ms. Lugo an equal opportunity to use and enjoy a dwelling. Please direct communications regarding this request to my office. Thank you for your attention to this matter.

Sincerely,

Sophia L. Hall, Esq.
Tel: 617.450.1037 | Fax: 617.450.1311

cc: Kathy Mpelkas

**ATTACHMENT A:**

**SUPPORTING LETTER FROM DOCTOR**

07-02-'15 13:08 FROM-                                                    T-451   P0001/0016 F-957

 **Hallmark Health**

| | |
|---|---|
| **Community Counseling Services** | **Community Counseling Services** |
| 101 Main Street, Suite 112 | 178 Savin Street, Suite 200 |
| Medford, Massachusetts 02155 | Malden, Massachusetts 02148 |
| TEL  (781) 338-7270 | TEL  (781) 338-7250 |
| FAX  (781) 396-5086 | FAX  (781) 338-7245 |

July 2, 2015

Medford Housing Authority
121 Riverside Ave, #1
Medford, MA 02155

   RE:   MS. JOANNA LUGO

Dear Sir or Madam:

I am writing in support of Ms. Joanna Lugo's request for more time to secure housing with a mobile voucher from Medford Housing Authority as a reasonable accommodation of her disability.

Ms. Lugo has been a patient of mine since 1/13/15 and I am aware of the nature and extent of her disability.  She has a diagnosis of bipolar disorder, obsessive compulsive disorder, post-traumatic stress disorder, and anxiety.  She usually meets with me monthly to cope with her past trauma.  I am also aware of the requirements to qualify as a disabled person under the Americans with Disabilities Act and the Fair Housing Act.  Therefore, I hereby verify that Ms. Lugo is disabled under the Fair Housing Act and that her request as stated above is directly related to her disability.

Ms. Lugo's mental health issues, such as her inability to handle stressful situations, impact her ability to accomplish day to day tasks.  Her impaired concentration and racing thoughts particularly impact her ability to find housing.  In addition, on June 24, 2015, strangers broke into Ms. Lugo's home triggering her anxiety and exacerbating her symptoms.  This incident coupled with the impending deadline to find a home has immobilized her ability to continue her search for stable housing.

Thus, Ms. Lugo's disability directly impacts her ability to search for a home and she requires more time to search for an apartment than an abled body individual.

Please take this into consideration and afford her all reasonable accommodations.  Should you have additional questions, please do not hesitate to contact me.

Sincerely,

Rebecca Warburton, PsyD
(781) 338-7271

## ATTACHMENT B:

## HOUSING SEARCH EFFORTS

# Rental Assistance Programs

P.O. Box 961619
Boston, MA 02196
Tel : (617) 450-1009
Fax: (617) 450-1121

July 7, 2015

To Whom It May Concern:

Please let this letter serve to verify that Joana Lugo is enrolled and engaged in the Voucher Based Housing Search and Rental Assistance programs.  As a participant in said programs, she is receiving extensive housing search and supportive services.

I have personally been working with Ms. Lugo to secure alternate housing since March 5, 2015 when she was enrolled in the above referenced programs. She has and continues to dedicatedly work tirelessly to obtain new housing before her voucher expires. Unfortunately due to a multitude of reasons, thus far our concerted efforts haven't been fruitful. We are currently awaiting word from several communities where Ms. Lugo has applied in addition to seeking other options.

The purpose of this email is to kindly request as a reasonable accommodation -on account of her disability- that Ms. Lugo be given additional time to find new housing. Granting Ms. Lugo an extension will greatly improve her chances of being housed as we feel there are some very promising leads but we are constrained by time.

It is our utmost hope and prayer that this request will be looked upon favorably. This might very well be our last chance at preserving Ms. Lugo's voucher and preventing her from becoming homeless which would be detrimental not only to her health but her overall quality of life as well.

Sincerely,

Isaac Kimbugwe
Tenant Based Rental Specialist

| Joanna Lugo: APPLICATION TRACKING | |
| --- | --- |
| **Housing Option** | **Date Contacted** |
| Brockton – E Ashland Street | March 17, 2015 |
| Quincy Center – Summer Street | March 2015 |
| Winthrop - Trident | March 18, 2015 |
| Revere – 500 Beach St | March 18, 2015 |
| Quincy – Hayden at Loring | March 2015 |
| Brockton – West Bridgewater Line | March 2015 |
| Quincy | March 18, 2015 |
| Dartmouth | June 25, 2015 |
| Attleboro | June 25, 2015 |
| Fall River – Upper highlands | June 25, 2015 |
| Fall River | June 25, 2015 |
| Fall River – Robeson St | June 25, 2015 |
| Fall River – Liberty St | June 25, 2015 |
| New Bedford – Bentley St | June 25, 2015 |
| West Wareham | June 25, 2015 |
| Fall River | June 25, 2015 |
| Taunton | June 25, 2015 |
| Fall River – East end of Eastern Ave | June 25, 2015 |
| Fall River – Bay Street | June 25, 2015 |

# Exhibit 2

# MEDFORD HOUSING AUTHORITY
## 121 RIVERSIDE AVENUE
## MEDFORD, MASSACHUSETTS 02155

TELEPHONE 781-396-7200
FAX  781-393-9223

TELEPHONE FOR THE DEAF
TDD 1-800-545-1833 EXT. 129

July 9, 2015

Sophia L. Hall, Esq.
The Atticus Project
75 Amory Street
Boston, MA 02119

**Re:    Joanna Lugo**

Dear Attorney Hall,

I am in receipt of your reasonable accommodation request for the above Section 8 Voucher applicant, Joanna Lugo.  I have also reviewed supporting correspondence from her physician, Dr. Rebecca Warburton.

I am pleased to advise you that I am approving a ninety (90) day extension of time for Ms. Lugo to find suitable housing due to her disability.  This extends Ms. Lugo's time to acquire housing up to and including October 10, 2015.  Please be aware there are countless individuals waiting to receive rental assistance through the Section 8 Rental Voucher Program, and no further extension will be given, bar no unforeseeable event.

If you have any further questions please do not hesitate to contact me at the above number, Ext. 125.

Thank you.

Very truly yours,

Barbara Vivian

Barbara Vivian
504 Coordinator

/bv

Cc:  Kathy Fortier, Director of Housing Programs



EQUAL HOUSING OPPORTUNITY

# Exhibit 3



**THE
ATTICUS
PROJECT**

June 1, 2016
**BY FEDEX: 874222370384**
**KATHY FORTIER**
Medford Housing Authority
121 Riverside Avenue
Medford, Massachusetts 02155

RE:    MS. JOANNA LUGO'S REASONABLE ACCOMMODATION REQUEST

To Whom It May Concern:

Please be advised that I represent Ms. Joanna Lugo. On her behalf, I submit this reasonable accommodation request under the Fair Housing Act and G.L. c. 151B. I formally request that, as a reasonable accommodation of Ms. Lugo's disability, Medford Housing Authority allow Ms. Lugo an additional 90 days to find and secure suitable housing with her mobile voucher.

Under the Fair Housing Act, it is unlawful to discriminate against a person with a disability by refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling. Therefore, you are required to grant this request unless doing so would place an undue burden on your business.

As you are aware Ms. Lugo qualifies as a disabled person under the Fair Housing Act.  You previously granted Ms. Lugo an accommodation based on her disability in July 2015. Due to her disability, Ms. Lugo has trouble completing day-to-day tasks including searching for, applying for, and securing housing. As a result her disability makes it very difficult for her to search for an apartment.  The unsanitary conditions in her current unit have contributed to a rise in Ms. Lugo's stress which has aggravated her disability and made it more difficult to search for housing. Ms. Lugo is currently working with our Housing Search and Advocacy team to locate an apartment. They are hopeful they will find her a unit soon, however, given the difficulties of locating a unit in the Greater Boston Area and her disability Ms. Lugo requests a 90 day extension to her voucher. This request is therefore necessary to afford Ms. Lugo an equal opportunity to use her mobile voucher and enjoy a dwelling.

Please direct communications regarding this request to my office.  If you require further medical documentation we are happy to provide that to you. Thank you for your attention to this matter.

Sincerely,

Andrew Musgrave, Esq.
Tel: 617.450.1245 | Fax: 617.450.1311

# Exhibit 4



# THE
# ATTICUS
# PROJECT

June 7, 2016

Barbara Vivian
Medford Housing Authority
121 Riverside Avenue
Medford, Massachusetts 02155

RE:   MS. JOANNA LUGO'S REASONABLE ACCOMMODATION REQUEST

Dear Ms. Vivian:

As requested please find documentation supporting Ms. Lugo's reasonable accommodation request from Dr. Jacob Howe. As Dr. How states Ms. Lugo's mental health conditions impact her ability to tolerate stress and currently are so severe that has difficulty leaving her home. Obviously it is difficult for a person to search for an apartment when they have trouble leaving their home. Ms. Lugo is working with our Housing Search and Advocacy team and they have an apartment viewing scheduled with her for this Thursday. Despite our hopeful optimism due to the difficult housing market and Ms. Lugo's disability we request and additional ninety days for Ms. Lugo to find an apartment.

Thank you for your attention to this matter.

Sincerely,

Andrew Musgrave, Esq.
Tel: 617.450.1245 | Fax: 617.450.1311

**Community Counseling Services**
101 Main St. Suite 112
Medford, MA 02155
Office: 781-338-7270 Fax: 781-396-5086

06/03/2016

To Whom it May Concern:

I am writing in support of Joanna Lugo's (DOB 12/9/74) request for more time to secure housing, as a resonable accomodation of her disability. Ms. Lugo has been a patient of mine since November 19, 2014, and I am aware of the nature and extent of her disability, as qualified under the ADA and FHA.

Her mental health conditions affect her ability to tolerate stress, particularly when such situations might compromise her access to basic needs such as food and housing. Her symptoms are currently so severe that she has had difficulty leaving her home.

Please take this into consideration and afford her all reasonable accomodations. Should you have any questions, please do not hesitate to contact me.

Sincerely,

Jacob Howe, MD

# Exhibit 5

# MEDFORD HOUSING AUTHORITY
## 121 RIVERSIDE AVENUE
## MEDFORD, MASSACHUSETTS 02155

TELEPHONE 781-396-7200
FAX  781-393-9223

TELEPHONE FOR THE DEAF
TDD 1-800-545-1833 EXT. 129

June 13, 2015

Andrew Musgrave, Esq.
The Atticus Project
75 Amory Street
Boston, MA 02119

**Re:    Joanna Lugo**

Dear Attorney Musgrave,

I am writing to confirm our recent telephone conversation regarding a reasonable accommodation request for our Section 8 tenant, and your client, Joanna Lugo.  I am also in receipt of her reasonable accommodation request, and supporting documentation from her physician, Dr. Jacob Howe.

As we discussed, I am approving a sixty (60) day extension, from June 3, 2016, for Ms. Lugo to find suitable housing due to her disability.  This extends Ms. Lugo's time to acquire housing up to and including Tuesday, August 2, 2016.   Please be aware there are countless individuals waiting to receive rental assistance through the Section 8 Rental Voucher Program, and no further extension will be given, bar no unforeseeable event.

If you have any further questions please do not hesitate to contact me at the above number, Ext. 125.

Thank you.

Very truly yours,

Barbara Vivian

Barbara Vivian
504 Coordinator

/bv

Cc:  Kathy Fortier, Director of Housing Programs
    Sam Pirri, Sr. Leased Housing Coordinator
    Joanna Lugo, Section 8 Tenant



EQUAL HOUSING OPPORTUNITY

# Exhibit 6



**THE
ATTICUS
PROJECT**

August 2, 2016
Barbara Vivian
Medford Housing Authority
121 Riverside Avenue
Medford, Massachusetts 02155

RE:    MS. JOANNA LUGO'S REASONABLE ACCOMMODATION REQUEST

Dear Ms. Vivian:

As you are aware this office represents Ms. Joanna Lugo. On her behalf, I submit this reasonable accommodation request under the Fair Housing Act and G.L. c. 151B. I formally request that, as a reasonable accommodation of Ms. Lugo's disability, Medford Housing Authority allow Ms. Lugo an additional 60 days to find and secure suitable housing with her mobile voucher.

As you are also aware Ms. Lugo is disabled, you have previously received multiple letters from Ms. Lugo's medical providers documenting her disability. As a result of these letters you have found Ms. Lugo to be disabled as recently as June 13th of this year. Due to her disability, Ms. Lugo has trouble leaving the house and completing day-to-day tasks. Her disability directly impacts her ability to search for and obtain safe and suitable housing. This request is therefore necessary to afford Ms. Lugo an equal opportunity to use her mobile voucher and enjoy a dwelling. As mentioned above, the Medford Housing Authority has previously granted Ms. Lugo an extension as a result of her disability. Ms. Lugo remains disabled and continues to need additional time to search for an apartment.

Ms. Lugo has dutifully searched for an apartment and has located an apartment in Boston. All necessary documents have been submitted to the landlord and we are hopeful they will be submitting a Request for Tenancy Approval to the Medford Housing Authority shortly.

Please direct communications regarding this request to my office. Thank you for your attention to this matter.

Sincerely,

Andrew Musgrave, Esq.
Tel: 617.450.1245 | Fax: 617.450.1311

# Exhibit 7

MEDFORD HOUSING AUTHORITY
# MEDFORD HOUSING AUTHORITY
## 121 RIVERSIDE AVENUE
## MEDFORD, MASSACHUSETTS 02155

TELEPHONE 781-396-7200
FAX 781-393-9223

TELEPHONE FOR THE DEAF
TDD 1-800-545-1833 EXT. 129

August 15, 2016

Andrew Musgrave, Esq.
The Atticus Project
75 Amory Street
Boston, MA 02119

**Re:    Joanna Lugo**

Dear Attorney Musgrave,

I am in receipt of your reasonable accommodation request dated August 2, 2016, for the above Section 8 Voucher tenant, Joanna Lugo.   Said request is for an additional extension of time for Ms. Lugo to find suitable housing.

On June 7, 2016, you faxed a reasonable accommodation request on behalf of Ms. Lugo requesting an extension of time beyond the 120 day maximum allowed time to acquire a unit. Due to Ms. Lugo being a person who qualifies as having a disability, I granted the accommodation and extended her voucher use for an additional sixty (60) days and noted "no further extension will be given, bar no unforeseeable event".  This allowed Ms. Lugo a total of one hundred and eighty (180) days to find suitable housing.  Ms. Lugo has not presented documentation or evidence of any new, or unforeseeable event.  She has been provided with an equal opportunity to use her voucher by the extension previously granted.

Therefore, I am denying Ms. Lugo's request for additional time beyond the August 2, 2016 date.

If you have any further questions please do not hesitate to contact me at the above number, Ext. 125.

Very truly yours,

Barbara Vivian
504 Coordinator

/bv

Cc: Joanna Lugo
    Kathy Fortier, Associate Executive Director
    Sam Pirri, Sr. Leased Housing Coordinator



**EQUAL HOUSING OPPORTUNITY**

# COMMONWEALTH OF MASSACHUSETTS
## TRIAL COURT DEPARTMENT

**MIDDLESEX, SS**

**SUPERIOR COURT**
**C.A. NO. _____**

*16-2996*

| | |
|---|---|
| **JOANNA LUGO,**<br>**Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **MEDFORD HOUSING AUTHORITY,** | ) |
| **JOHN CODDINTON, in his official capacity as** | ) |
| **Executive Director of Medford Housing** | ) |
| **Authority,** | ) |
| **Defendants** | ) |

> FILED
> IN THE OFFICE OF THE
> CLERK OF COURTS
> FOR THE ~~~~~~~~~ MIDDLESEX
> OCT 18 2016
> CLERK

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

### INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Joanna Lugo is a disabled individual who until August 15, 2016 was a participant in Medford Housing Authority's (MHA) Section 8 Housing Choice Voucher Program. Ms. Lugo suffers from bi-polar disorder, anxiety, obsessive compulsive disorder, post-traumatic stress disorder, and other chronic health conditions that greatly impact her physical health. Ms. Lugo's disability impedes her ability to search for housing. As a result Ms. Lugo requested that as a reasonable accommodation MHA grant an extension of her Section 8 voucher for an additional 60 (sixty) days or a total of 240 (two hundred forty) days to search for housing. On August 15, 2016, MHA denied Ms. Lugo's formal request for a reasonable accommodation, stating that she had already had 180 days to find an apartment in which her voucher could be used and as such her voucher was now expired and she was no longer a participant in the program.

G. L. c. 151B, G. L. c. 93 § 103 the Fair Housing Act, and the Rehabilitation Act of 1973 all prohibit the refusal to make reasonable accommodations in rules, policies, practices or services, when such accommodation may be necessary to afford a handicapped person equal opportunity to use and enjoy a dwelling. In the present action, Ms. Lugo is a disabled individual who required a reasonable accommodation from MHA in order to participate in the Section 8 Housing Choice Voucher Program. Specifically she required additional time so that she could find and locate an apartment that complied with MHA's payment standard. MHA's refusal to grant this accommodation constitutes discrimination on the basis of disability.

The irreparable harm that would result without the issuance of immediate relief is evident. Without the voucher Ms. Lugo cannot afford an apartment. Her present landlord has started eviction proceedings against her, without a Section 8 voucher Ms. Lugo will be unable to maintain safe and stable housing, she will be rendered homeless. The impact of homelessness on a disabled individual can have dire consequences for their long term health and well-being.

## STATEMENT OF FACTS

Ms. Lugo has participated in the MHA's Section 8 HCVP program (or predecessor Section 8 programs) since 2011. Ms. Lugo suffers from bi-polar disorder, anxiety, obsessive compulsive disorder, post-traumatic stress disorder, and other chronic health conditions that greatly impact her physical health. Ms. Lugo has been found to be disabled by the Social Security Administration and her sole source of income is Supplemental Security Income.

Ms. Lugo's disability makes it difficult for her to accomplish day to day tasks, including sometimes even leaving the house. She suffers from frequent panic attacks, manic episodes, and crying fits. As a result of her disability Ms. Lugo has difficult keeping appointments, completing paperwork, and controlling her emotions. Ms. Lugo's disability impedes her ability to search for

2

an apartment. She has trouble keeping appointments to view units, struggles to finish applications, and sometimes cannot even leave her home.

On or about February 12, 2015 MHA issued Ms. Lugo a voucher from the Mobile Housing Choice Voucher program with an expiration date of April 12, 2015. After being unable to locate housing Ms. Lugo requested and was granted a 60 (sixty) day extension to her voucher until July 11, 2015. On July 8, 2015 Ms. Lugo's attorney Sophia Hall submitted a request for reasonable accommodation on Ms. Lugo's behalf, requesting a 90 (ninety) day extension to her voucher. Attached hereto as **Exhibit 1**. Ms. Lugo's request was supported by her medical provider at Hallmark Health, Rebecca Warburton, PsyD who provided details of Ms. Lugo's disability to MHA.

MHA granted Ms. Lugo's request for a reasonable accommodation resulting in Ms. Lugo being granted a total of 240 (two hundred and forty) days to look for housing. Attached hereto as **Exhibit 2**. Ms. Lugo was able to locate and secure housing at 30 Freemont Street, Apartment #37, Mattapan, MA 02126 prior to the expiration of her voucher. Due to condition issues within her apartment Ms. Lugo sought and received permission from MHA to relocate to a new apartment. On or about February 6, 2016, MHA issued Ms. Lugo a voucher from the Mobile Housing Choice Voucher program with an expiration date of June 3, 2016. On June 1, 2016, Ms. Lugo submitted a reasonable accommodation request through her attorney requesting a voucher extension of 90 days to search for housing. Attached hereto as **Exhibit 3**. Ms. Lugo's request was supported by her medical provider Dr. Jacob Howe. Attached hereto as **Exhibit 4**.

On June 13, 2016, MHA partially granted Ms. Lugo's request and granted her an extension of 60 days to her voucher until August 2, 2016. Attached hereto as **Exhibit 5**. On August 2, 2016, Ms. Lugo submitted a second reasonable accommodation request through her

3

attorney requesting a voucher extension of 60 days. Attached hereto as **Exhibit 6**. MHA denied

Ms. Lugo's request for a reasonable accommodation on August 15, 2016 stating that Ms. Lugo

had been granted a total of 180 days to look for housing and would not be granted an additional

extension. Attached hereto as **Exhibit 7**. MHA's denial letter did not state that Ms. Lugo's

request would place an undue burden on MHA, nor that it would change the fundamental nature

of the program.

On August 24, 2016, Ms. Lugo present landlord began eviction proceedings against her

by filing a Summary Process Summons and Complaint against her in Boston Housing Court,

Docket Number 16H84SP003490.

## ARGUMENT

I.   **THIS COURT SHOULD ENJOIN MHA FROM FAILING TO REINSTATE AND PROVIDE SECTION 8 BENEFITS TO MS LUGO PENDING THE FINAL DISPOSITION OF THIS ACTION.**

A.   **Preliminary Injunction Standard.**

The standard for a preliminary injunction is well-established. "A party seeking a

preliminary injunction must show that success is likely on the merits; irreparable harm will result

from the denial of the injunction; and the risk of irreparable harm to the moving party outweighs

a similar risk of harm to the opposing party." *Doe v. Supt. of Sch. of Weston*, 461 Mass. 159, 164

(2011), citing *Packaging Indus. Group, Inc. v. Cheney*, 380 Mass. 609, 616-617.

B.   **Ms. Lugo a Reasonable Likelihood of Success on the Merits of its Claim That the She was Discriminated Against.**

1.   **MHA should have granted Ms. Lugo's request for a reasonable accommodation.**

The Fair Housing Act, The Rehabilitation Act of 1973, and G. L. c. 93 § 103, G. L. c.

151B § 4 prohibit housing discrimination on the basis of disability. All of these laws specifically

4

prohibit the refusal to make reasonable accommodations in rules, policies, practices or services, when such accommodation may be necessary to afford a handicapped person equal opportunity to use and enjoy a dwelling. 42 U.S.C. § 3604(f)(3)(B); 29 U.S.C.§ 794; G. L. c. 93 § 103; G. L. c. 151B § 4.

Federal regulations provide that the initial term of a Section 8 voucher must be 60 days. 24 C.F.R. 982.303 (a). In addition, if the voucher holder requests an extension of the initial voucher term as a reasonable accommodation, to make the program accessible to a family member who is a person with disabilities, the Public Housing Authority (PHA) must extend the voucher term up to the term reasonably required for that purpose. 24 C.F.R. 982.303 (b) (2).

There is no limit to the number of extensions or length of time that a PHA can grant a voucher holder to look for housing.  U.S. Department of Housing and Urban Development, *Housing Choice Voucher Program Guidebook*, 8-12 (2001). Furthermore, HUD recommends that in geographic areas with a tight housing market PHA's "may wish to automatically extend the voucher period whenever an extension is requested due to the likelihood that it will take voucher holders longer to locate decent housing renting for amounts that can be approved by the program." Id., 8-12.

In order to establish a prima facie case of housing discrimination, Ms. Lugo must demonstrate that 1) she suffers from a disability; 2) MHA was aware of the disability or could reasonably have been aware of it; 3) extending the voucher was reasonably necessary to afford Ms. Lugo an equal opportunity to use and enjoy the premises; and 4) MHA refused to make the accommodation. Kacavich v. Halcyon Condominium Trust, 30 MDLR 109 (2008).

Under Massachusetts and Federal law a person is disabled when she has "an inability to engage in any 'substantial gainful activity' by reason of physical or mental impairment." 42

U.S.C. § 423(d) (2000). HUD regulations define an individual with a handicap as "any person who has a physical or mental impairment that substantially limits one or more major life activities." 24 C.F.R. § 8.3 (2008); Boston Hous. Auth. v. Bridgewaters, 453 Mass. 833, 844-45 (2009). Ms. Lugo suffers from bi-polar disorder, anxiety, obsessive compulsive disorder, post-traumatic stress disorder, and other chronic health conditions that greatly impact her physical health. Ms. Lugo's medical conditions make it difficult for her to accomplish day to day tasks, including sometimes even leaving the house. She suffers from frequent panic attacks, manic episodes, and crying fits. The Social Security Administration found Ms. Lugo to be disabled and thus eligible for Supplemental Security Income. See Wiesner vs. 321 W. 16th St. Assocs., No. 00-Civ.-1423(RWS) (S.D.N.Y. Aug. 22, 2000) ("[tenant], who suffers from a psychological illness and is entitled to Social Security Disability Income payments, is deemed to be a disabled individual within the meaning of the Fair Housing Act").

MHA was well aware of Ms. Lugo's disability and in fact had previously granted her an extension to her voucher in both 2015 and 2016 as a result of her disability. In addition, the medical provider letters provided to MHA in both of Ms. Lugo's reasonable accommodation requests put MHA on notice of her disability.

In addition, Ms. Lugo's request satisfies the third prong. Under the FHA, a refusal to reasonably accommodate a disabled tenant is discriminatory when "such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). In other words, a reasonable accommodation is required where there is a causal link between the disability for which the accommodation is requested and the participants inability to comply with the policy or rule. See Bridgewaters, 452 Mass. at 848. As a result of her disability Ms. Lugo has difficult keeping appointments, completing paperwork, and

sometimes even leaving her home.  Ms. Lugo's disability makes it difficult for her to search for

an apartment.  Therefore, Ms. Lugo needs a longer period of time to look for an apartment than a

non-disabled individual.

In regards to the fourth prong MHA denied Ms. Lugo's request for a reasonable

accommodation by its letter dated August 15, 2016.  Attached hereto as Exhibit 7.

Lastly, even if a disabled person satisfies all four prongs, a reasonable accommodation can be

denied if it creates an undue burden upon the entity granting the accommodation.  See Whitter

Terrace Associates v. Hampshire, 26 Mass.App.Ct. 1020, 1021 (1989). In the present matter,

MHA did not state that granting Ms. Lugo's request would cause an undue burden.  In fact,

MHA had previously granted Ms. Lugo the exact accommodation she was requesting only one

year earlier.

### 2. Irreparable Harm Will Result Without the Issuance of the Injunction and the Balancing of the Equities Weighs Heavily in Favor of Immediate Relief.

The Verified Complaint makes clear that Ms. Lugo's health and well-being will be

negatively impacted if this injunction is not granted. Ms. Lugo is facing an eviction action by her

present landlord and lacks the financial means to secure a market rate apartment.  Without a

Section 8 voucher Ms. Lugo will be rendered homeless in the near future.  The impact of

homelessness on a person with HIV/AIDS can be catastrophic. A homeless person living with

HIV faces many more health complication and challenges than their homeless HIV-negative

counterparts.  These health complications include difficulties with medication adherence,

confidentiality issues surrounding status, susceptibility to acquiring other illnesses and

difficulties in recovering from illness.

## **CONCLUSION**

For the foregoing reasons, plaintiff Joanna Lugo respectfully requests that the Court:

issue a preliminary injunction enjoining the defendants, enjoining the defendants failing to

reinstate and provide Section 8 benefits to Ms. Lugo pending the final disposition of this action.


Respectfully submitted,
Joanna Lugo,
By her attorney,

Andrew Musgrave, BBO #678980
amusgrave@aac.org
AIDS Action Committee of Massachusetts
75 Amory Street
Boston, MA 02119
(617) 450-1245

# Exhibit 1



# THE
# ATTICUS
# PROJECT

July 8, 2015

**DELIVERED BY FEDEX: 8041 4511 5722**
Kathy Fortier
Medford Housing Authority
121 Riverside Ave, #1
Medford, MA 02155

RE:   MS. LUGO'S REASONABLE ACCOMMODATION REQUEST

Dear Ms. Fortier:

Please be advised that I represent Ms. Joanna Lugo. On her behalf, I submit this reasonable accommodation request under the Fair Housing Act. I formally request that, as a reasonable accommodation of Ms. Lugo's disability, Medford Housing Authority allow Ms. Lugo an additional 90 days to find and secure suitable housing with her mobile voucher.

Under the Fair Housing Act, it is unlawful to discriminate against a person with a disability by refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling. Therefore, you are required to grant this request unless doing so would place an undue burden on your business.

Ms. Lugo qualifies as a disabled person under the Fair Housing Act and the American with Disabilities Act as certified by the attached letter from Dr. Rebecca Warburton. See Attachment A. Due to her disability, Ms. Lugo has trouble completing day-to-day tasks including searching for, applying for, and securing housing. Specifically, she has difficulty handling stressful situations. She has an especially challenging time when such situations involve her safety and access to basic needs such as food and housing. On June 24, 2015 someone broke into Ms. Lugo's home, which has increased her anxiety and made it more difficult for her to search for stable housing. In addition, Ms. Lugo has been working diligently with a tenant based rental specialist since March 5, 2015. See Attachment B, letter from Isaac Kimbugwe. Mr. Kimbugwe has assisted Ms. Lugo in applying to a myriad of apartments. See id. Thus, Ms. Lugo's disability directly impacts her ability to search for stable housing and an extension should be granted.

This extension request is necessary to afford Ms. Lugo an equal opportunity to use and enjoy a dwelling. Please direct communications regarding this request to my office. Thank you for your attention to this matter.

Sincerely,

Sophia L. Hall, Esq.
Tel: 617.450.1037 | Fax: 617.450.1311

cc: Kathy Mpelkas

**ATTACHMENT A:**

**SUPPORTING LETTER FROM DOCTOR**

07-02-'15 13:08 FROM-                                    T-451   P0001/0016   F-957

 **Hallmark Health**

| **Community Counseling Services** | **Community Counseling Services** |
| --- | --- |
| 101 Main Street, Suite 112 | 178 Savin Street, Suite 200 |
| Medford, Massachusetts 02155 | Malden, Massachusetts 02148 |
| TEL  (781) 338-7270 | TEL  (781) 338-7250 |
| FAX  (781) 396-5086 | FAX  (781) 338-7245 |

July 2, 2015

Medford Housing Authority
121 Riverside Ave, #1
Medford, MA 02155

     RE:   MS. JOANNA LUGO

Dear Sir or Madam:

I am writing in support of Ms. Joanna Lugo's request for more time to secure housing with a mobile voucher from Medford Housing Authority as a reasonable accommodation of her disability.

Ms. Lugo has been a patient of mine since 1/13/15 and I am aware of the nature and extent of her disability. She has a diagnosis of bipolar disorder, obsessive compulsive disorder, post-traumatic stress disorder, and anxiety. She usually meets with me monthly to cope with her past trauma. I am also aware of the requirements to qualify as a disabled person under the Americans with Disabilities Act and the Fair Housing Act. Therefore, I hereby verify that Ms. Lugo is disabled under the Fair Housing Act and that her request as stated above is directly related to her disability.

Ms. Lugo's mental health issues, such as her inability to handle stressful situations, impact her ability to accomplish day to day tasks. Her impaired concentration and racing thoughts particularly impact her ability to find housing. In addition, on June 24, 2015, strangers broke into Ms. Lugo's home triggering her anxiety and exacerbating her symptoms. This incident coupled with the impending deadline to find a home has immobilized her ability to continue her search for stable housing.

Thus, Ms. Lugo's disability directly impacts her ability to search for a home and she requires more time to search for an apartment than an abled body individual.

Please take this into consideration and afford her all reasonable accommodations. Should you have additional questions, please do not hesitate to contact me.

Sincerely,

Rebecca Warburton, PsyD
(781) 338-7271

**ATTACHMENT B:**

**HOUSING SEARCH EFFORTS**

# Rental Assistance Programs

P.O. Box 961619
Boston, MA 02196
Tel : (617) 450-1009
Fax: (617) 450-1121

July 7, 2015

To Whom It May Concern:

Please let this letter serve to verify that Joana Lugo is enrolled and engaged in the Voucher Based Housing Search and Rental Assistance programs.  As a participant in said programs, she is receiving extensive housing search and supportive services.

I have personally been working with Ms. Lugo to secure alternate housing since March 5, 2015 when she was enrolled in the above referenced programs. She has and continues to dedicatedly work tirelessly to obtain new housing before her voucher expires. Unfortunately due to a multitude of reasons, thus far our concerted efforts haven't been fruitful. We are currently awaiting word from several communities where Ms. Lugo has applied in addition to seeking other options.

The purpose of this email is to kindly request as a reasonable accommodation -on account of her disability- that Ms. Lugo be given additional time to find new housing. Granting Ms. Lugo an extension will greatly improve her chances of being housed as we feel there are some very promising leads but we are constrained by time.

It is our utmost hope and prayer that this request will be looked upon favorably. This might very well be our last chance at preserving Ms. Lugo's voucher and preventing her from becoming homeless which would be detrimental not only to her health but her overall quality of life as well.

Sincerely,

Isaac Kimbugwe
Tenant Based Rental Specialist

| Joanna Lugo: APPLICATION TRACKING | |
|---|---|
| **Housing Option** | **Date Contacted** |
| Brockton – E Ashland Street | March 17, 2015 |
| Quincy Center – Summer Street | March 2015 |
| Winthrop - Trident | March 18, 2015 |
| Revere – 500 Beach St | March 18, 2015 |
| Quincy – Hayden at Loring | March 2015 |
| Brockton – West Bridgewater Line | March 2015 |
| Quincy | March 18, 2015 |
| Dartmouth | June 25, 2015 |
| Attleboro | June 25, 2015 |
| Fall River – Upper highlands | June 25, 2015 |
| Fall River | June 25, 2015 |
| Fall River – Robeson St | June 25, 2015 |
| Fall River – Liberty St | June 25, 2015 |
| New Bedford – Bentley St | June 25, 2015 |
| West Wareham | June 25, 2015 |
| Fall River | June 25, 2015 |
| Taunton | June 25, 2015 |
| Fall River – East end of Eastern Ave | June 25, 2015 |
| Fall River – Bay Street | June 25, 2015 |

# Exhibit 2

# MEDFORD HOUSING AUTHORITY
## 121 RIVERSIDE AVENUE
## MEDFORD, MASSACHUSETTS 02155

TELEPHONE 781-396-7200
FAX  781-393-9223

TELEPHONE FOR THE DEAF
TDD 1-800-545-1833 EXT. 129

July 9, 2015

Sophia L. Hall, Esq.
The Atticus Project
75 Amory Street
Boston, MA 02119

**Re:   Joanna Lugo**

Dear Attorney Hall,

  I am in receipt of your reasonable accommodation request for the above Section 8 Voucher applicant, Joanna Lugo.   I have also reviewed supporting correspondence from her physician, Dr. Rebecca Warburton.

  I am pleased to advise you that I am approving a ninety (90) day extension of time for Ms. Lugo to find suitable housing due to her disability.  This extends Ms. Lugo's time to acquire housing up to and including October 10, 2015.   Please be aware there are countless individuals waiting to receive rental assistance through the Section 8 Rental Voucher Program, and no further extension will be given, bar no unforeseeable event.

  If you have any further questions please do not hesitate to contact me at the above number, Ext. 125.

  Thank you.

Very truly yours,

Barbara Vivian
504 Coordinator

/bv

Cc: Kathy Fortier, Director of Housing Programs



EQUAL HOUSING OPPORTUNITY

# Exhibit 3



## THE ATTICUS PROJECT

June 1, 2016
**BY FEDEX: 874222370384**
**KATHY FORTIER**
Medford Housing Authority
121 Riverside Avenue
Medford, Massachusetts 02155

RE:   MS. JOANNA LUGO'S REASONABLE ACCOMMODATION REQUEST

To Whom It May Concern:

Please be advised that I represent Ms. Joanna Lugo. On her behalf, I submit this reasonable accommodation request under the Fair Housing Act and G.L. c. 151B. I formally request that, as a reasonable accommodation of Ms. Lugo's disability, Medford Housing Authority allow Ms. Lugo an additional 90 days to find and secure suitable housing with her mobile voucher.

Under the Fair Housing Act, it is unlawful to discriminate against a person with a disability by refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling. Therefore, you are required to grant this request unless doing so would place an undue burden on your business.

As you are aware Ms. Lugo qualifies as a disabled person under the Fair Housing Act.  You previously granted Ms. Lugo an accommodation based on her disability in July 2015.  Due to her disability, Ms. Lugo has trouble completing day-to-day tasks including searching for, applying for, and securing housing. As a result her disability makes it very difficult for her to search for an apartment. The unsanitary conditions in her current unit have contributed to a rise in Ms. Lugo's stress which has aggravated her disability and made it more difficult to search for housing. Ms. Lugo is currently working with our Housing Search and Advocacy team to locate an apartment. They are hopeful they will find her a unit soon, however, given the difficulties of locating a unit in the Greater Boston Area and her disability Ms. Lugo requests a 90 day extension to her voucher. This request is therefore necessary to afford Ms. Lugo an equal opportunity to use her mobile voucher and enjoy a dwelling.

Please direct communications regarding this request to my office.  If you require further medical documentation we are happy to provide that to you. Thank you for your attention to this matter.

Sincerely,

Andrew Musgrave, Esq.
Tel: 617.450.1245 | Fax: 617.450.1311

# Exhibit 4



# THE
# ATTICUS
# PROJECT

June 7, 2016

Barbara Vivian
Medford Housing Authority
121 Riverside Avenue
Medford, Massachusetts 02155

RE:   **MS. JOANNA LUGO'S REASONABLE ACCOMMODATION REQUEST**

Dear Ms. Vivian:

As requested please find documentation supporting Ms. Lugo's reasonable accommodation request from Dr. Jacob Howe.  As Dr. How states Ms. Lugo's mental health conditions impact her ability to tolerate stress and currently are so severe that has difficulty leaving her home. Obviously it is difficult for a person to search for an apartment when they have trouble leaving their home.  Ms. Lugo is working with our Housing Search and Advocacy team and they have an apartment viewing scheduled with her for this Thursday.  Despite our hopeful optimism due to the difficult housing market and Ms. Lugo's disability we request and additional ninety days for Ms. Lugo to find an apartment.

Thank you for your attention to this matter.

Sincerely,


Andrew Musgrave, Esq.
Tel: 617.450.1245 | Fax: 617.450.1311

**Community Counseling Services**
101 Main St. Suite 112
Medford, MA 02155
Office: 781-338-7270 Fax: 781-396-5086

06/03/2016

To Whom it May Concern:

I am writing in support of Joanna Lugo's (DOB 12/9/74) request for more time to secure housing, as a resonable accomodation of her disability.  Ms. Lugo has been a patient of mine since November 19, 2014, and I am aware of the nature and extent of her disability, as qualified under the ADA and FHA.

Her mental health conditions affect her ability to tolerate stress, particularly when such situations might compromise her access to basic needs such as food and housing.  Her symptoms are currently so severe that she has had difficulty leaving her home.

Please take this into consideration and afford her all reasonable accomodations.  Should you have any questions, please do not hesitate to contact me.

Sincerely,

Jacob Howe, MD

# Exhibit 5

# MEDFORD HOUSING AUTHORITY
## 121 RIVERSIDE AVENUE
## MEDFORD, MASSACHUSETTS 02155

TELEPHONE 781-396-7200
FAX  781-393-9223

TELEPHONE FOR THE DEAF
TDD 1-800-545-1833 EXT. 129

June 13, 2015

Andrew Musgrave, Esq.
The Atticus Project
75 Amory Street
Boston, MA 02119

**Re:   Joanna Lugo**

Dear Attorney Musgrave,

I am writing to confirm our recent telephone conversation regarding a reasonable accommodation request for our Section 8 tenant, and your client, Joanna Lugo.  I am also in receipt of her reasonable accommodation request, and supporting documentation from her physician, Dr. Jacob Howe.

As we discussed, I am approving a sixty (60) day extension, from June 3, 2016, for Ms. Lugo to find suitable housing due to her disability.  This extends Ms. Lugo's time to acquire housing up to and including Tuesday, August 2, 2016.  Please be aware there are countless individuals waiting to receive rental assistance through the Section 8 Rental Voucher Program, and no further extension will be given, bar no unforeseeable event.

If you have any further questions please do not hesitate to contact me at the above number, Ext. 125.

Thank you.

Very truly yours,

Barbara Vivian
504 Coordinator

/bv

Cc:  Kathy Fortier, Director of Housing Programs
     Sam Pirri, Sr. Leased Housing Coordinator
     Joanna Lugo, Section 8 Tenant



**EQUAL HOUSING OPPORTUNITY**

# Exhibit 6



**THE
ATTICUS
PROJECT**

August 2, 2016
Barbara Vivian
Medford Housing Authority
121 Riverside Avenue
Medford, Massachusetts 02155

RE:     MS. JOANNA LUGO'S REASONABLE ACCOMMODATION REQUEST

Dear Ms. Vivian:

As you are aware this office represents Ms. Joanna Lugo. On her behalf, I submit this reasonable accommodation request under the Fair Housing Act and G.L. c. 151B. I formally request that, as a reasonable accommodation of Ms. Lugo's disability, Medford Housing Authority allow Ms. Lugo an additional 60 days to find and secure suitable housing with her mobile voucher.

As you are also aware Ms. Lugo is disabled, you have previously received multiple letters from Ms. Lugo's medical providers documenting her disability. As a result of these letters you have found Ms. Lugo to be disabled as recently as June 13th of this year. Due to her disability, Ms. Lugo has trouble leaving the house and completing day-to-day tasks. Her disability directly impacts her ability to search for and obtain safe and suitable housing. This request is therefore necessary to afford Ms. Lugo an equal opportunity to use her mobile voucher and enjoy a dwelling. As mentioned above, the Medford Housing Authority has previously granted Ms. Lugo an extension as a result of her disability. Ms. Lugo remains disabled and continues to need additional time to search for an apartment.

Ms. Lugo has dutifully searched for an apartment and has located an apartment in Boston. All necessary documents have been submitted to the landlord and we are hopeful they will be submitting a Request for Tenancy Approval to the Medford Housing Authority shortly.

Please direct communications regarding this request to my office. Thank you for your attention to this matter.

Sincerely,

Andrew Musgrave, Esq.
Tel: 617.450.1245 | Fax: 617.450.1311

# Exhibit 7

# MEDFORD HOUSING AUTHORITY
## 121 RIVERSIDE AVENUE
## MEDFORD, MASSACHUSETTS 02155

TELEPHONE 781-396-7200
FAX 781-393-9223

TELEPHONE FOR THE DEAF
TDD 1-800-545-1833 EXT. 129

August 15, 2016

Andrew Musgrave, Esq.
The Atticus Project
75 Amory Street
Boston, MA 02119

  **Re: Joanna Lugo**

Dear Attorney Musgrave,

  I am in receipt of your reasonable accommodation request dated August 2, 2016, for the above Section 8 Voucher tenant, Joanna Lugo.   Said request is for an additional extension of time for Ms. Lugo to find suitable housing.

  On June 7, 2016, you faxed a reasonable accommodation request on behalf of Ms. Lugo requesting an extension of time beyond the 120 day maximum allowed time to acquire a unit.  Due to Ms. Lugo being a person who qualifies as having a disability, I granted the accommodation and extended her voucher use for an additional sixty (60) days and noted "no further extension will be given, bar no unforeseeable event".  This allowed Ms. Lugo a total of one hundred and eighty (180) days to find suitable housing.  Ms. Lugo has not presented documentation or evidence of any new, or unforeseeable event.  She has been provided with an equal opportunity to use her voucher by the extension previously granted.

  Therefore, I am denying Ms. Lugo's request for additional time beyond the August 2, 2016 date.

  If you have any further questions please do not hesitate to contact me at the above number, Ext. 125.

        Very truly yours,

        Barbara Vivian
        504 Coordinator

/bv

Cc: Joanna Lugo
  Kathy Fortier, Associate Executive Director
  Sam Pirri, Sr. Leased Housing Coordinator



**EQUAL HOUSING OPPORTUNITY**

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br><br>1681CV02996 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>**Joanna Lugo v s. Medford Housing Authority et al** | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| To:<br><br>**Medford Housing Authority** | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |
|---|---|

To the above named defendant(s):

     You are hereby summoned and required to serve upon:

          **Andrew Charles Musgrave, Esq.**
          **AIDS Action Committee**
          **75 Amory Street**
          **Boston, MA 02119**

     an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Woburn either before service upon plaintiff's attorney or within a reasonable time thereafter.

     Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

                            Date: **11/01/2016**

                           Time: **02:00 PM**

                    Event: **Hearing on Preliminary Injunction**

          Session Location: **Civil A Rm 710 /**

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br><br>**10/18/2016** | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Judith Fabricant** | ASSOCIATE JUSTICE<br><br>**Hon. Rosemary Connolly** | ASSISTANT CLERK<br>X |
|---|---|---|---|

**RETURN OF SERVICE**

I hereby certify and return that on _____ _____, I served a copy of this summons, together with a copy of the Complaint.

                                   PARTY NAME:

                                     X

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br>1681CV02996 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>**Joanna Lugo vs. Medford Housing Authority et al** | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| To:<br>**John Coddinton In his/her capacity As Executive Director of Medford Housing Authority** | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |
|---|---|

To the above named defendant(s):

> You are hereby summoned and required to serve upon:
>> **Andrew Charles Musgrave, Esq.**
>> **AIDS Action Committee**
>> **75 Amory Street**
>> **Boston, MA 02119**

> an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Woburn either before service upon plaintiff's attorney or within a reasonable time thereafter.

> Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

**Date:** 11/01/2016

**Time:** 02:00 PM

**Event:** Hearing on Preliminary Injunction

**Session Location:** Civil A Rm 710 /

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>**10/18/2016** | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Judith Fabricant** | ASSOCIATE JUSTICE<br>**Hon. Rosemary Connolly** | ASSISTANT CLERK<br>X |
|---|---|---|---|

**RETURN OF SERVICE**

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

X

SCV027/ 07/2014

# COMMONWEALTH OF MASSACHUSETTS
## TRIAL COURT DEPARTMENT

**MIDDLESEX, SS**                                          **SUPERIOR COURT**
                                                                      **C.A. NO.** 16-2996

| | |
|---|---|
| JOANNA LUGO,                                    ) | |
|     **Plaintiff**                              ) | **FILED** |
| v.                                                          ) | IN THE OFFICE OF THE |
|                                                         ) | CLERK OF COURTS |
| MEDFORD HOUSING AUTHORITY,      ) | FOR THE COUNTY OF MIDDLESEX |
| JOHN CODDINTON, in his official capacity as  ) | **OCT 18 2016** |
| Executive Director of Medford Housing   ) | |
| Authority,                                         ) | CLERK |
|     **Defendants**                          ) | |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to M. R. Civ. P. 65, plaintiff Joanna Lugo respectfully moves that the Court

issue a preliminary injunction, against the defendant on Requests for Relief numbers 1 and 4 in

the Complaint filed herewith. Specifically, plaintiff requests that this Court:

    1. Issue a preliminary injunction enjoining the defendants failing to reinstate and provide

Section 8 benefits to Ms. Lugo pending the final disposition of this action.

In support of this motion, plaintiff has filed:

    1.  Plaintiff's Memorandum of Law in Support of Motion for Preliminary Injunction;

    2.  Verified Complaint.

<div style="margin-left:40%">

Respectfully submitted,
Joanna Lugo,
By her attorney,

Andrew Musgrave, BBO #678980
amusgrave@aac.org
AIDS Action Committee of Massachusetts
75 Amory Street
Boston, MA 02119
(617) 450-1245

</div>

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>1681CV02996 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Joanna Lugo vs. Medford Housing Authority et al | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| TO:  File Copy | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                    **DEADLINE**

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 01/17/2017 |  |
| Response to the complaint filed (also see MRCP 12) |  | 02/15/2017 |  |
| All motions under MRCP 12, 19, and 20 | 02/15/2017 | 03/17/2017 | 04/18/2017 |
| All motions under MRCP 15 | 02/15/2017 | 03/17/2017 | 04/18/2017 |
| All discovery requests **and depositions** served and non-expert despositions completed | 08/14/2017 |  |  |
| All motions under MRCP 56 | 09/13/2017 | 10/13/2017 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 02/12/2018 |
| Case shall be resolved and judgment shall issue by |  |  | 10/18/2018 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>10/18/2016 | ASSISTANT CLERK<br>William E Smith, Jr. | PHONE |
|---|---|---|

Date/Time Printed: 10-18-2016 14:24:44

SCV026\ 11/2014